UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHAVA LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHALEDEEANNKA GOYENS, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-01462-WHO<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 3 |

Plaintiff Keshava LLC instituted an unlawful detainer action in California state court against the defendant, Chaledeeannka Goyens. *See* Notice of Removal ("Notice") [Dkt. No. 1]. Goyens removed the case to this court on February 12, 2025, and moved for leave to proceed in forma pauperis. *See* Dkt. No. 3. The motion to proceed in forma pauperis is GRANTED. It is apparent, however, that I lack subject matter jurisdiction over the suit.

A defendant may generally remove a case from state court to federal court; but, as with all cases, the federal court must have subject matter jurisdiction over it. *See* 28 U.S.C. § 1442(a)–(c). The burden is on the removing defendant to establish the basis for subject matter jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). I have a duty to ascertain whether I have jurisdiction and must remand a case sua sponte if I do not. *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Goyen's notice of removal fails to identify any basis for federal jurisdiction. First, I lack diversity jurisdiction under 28 U.S.C. § 1332. From the face of the notice of removal and state-court complaint seeking removal from a residence in Oakland by a company that is based in California, it is clear that the parties are both California residents. The other potential basis of jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. I lack federal question jurisdiction because the complaint alleges only a state-law unlawful detainer action. *See* Notice.

1  It is well-established that state-law unlawful detainer claims do not "arise under" federal law. *See,*
2  *e.g., Fed. Nat'l Mortg. Ass'n v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D.
3  Cal. Apr. 15, 2011).

4  Because there is no federal jurisdiction over the unlawful detainer Complaint, this case
5  must be DISMISSED and REMANDED back to the Alameda County Superior Court. The Clerk
6  shall close the file.

7  **IT IS SO ORDERED.**

8  Dated: February 20, 2025



William H. Orrick
United States District Judge